JESSE BURTON POOLE, a Minor, by his Father and Next Friend, S. Jerome Poole, Petitioner-Appellant, v. MOLINE PUBLIC HOSPITAL, Respondent-Appellee.

Third District   No. 3—85—0101

Opinion filed November 1, 1985.

Michael J. Warner and Wadell Brent, both of Braud, Warner, Neppl & Westensee, Ltd., of Rock Island, for appellant.

Virgil Bozeman and Robert A. Latham III, both of Boseman, Neighbour, Patton & Noe, of Moline, for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

On June 23, 1979, Jesse Burton Poole, the petitioner, was born brain damaged at Moline Public Hospital. The sole issue on appeal is the trial court's denial of Jesse's request for the hospital to release the entire labor and delivery room record pertaining to his birth. Petitioner-appellant argues the trial judge erred in refusing to order release of the complete birth record. The hospital asserts that the labor and delivery room record contains privileged information on the noncustodial mother. We reverse.

The statute on point provides that:

> "Every private and public hospital shall, upon the request of any patient who has been treated in such hospital and after his or her discharge therefrom, permit the patient, his or her physician or authorized attorney to examine the hospital record, including but not limited to the history, bedside notes, charts, pictures and plates, kept in connection with the treatment of such patient and permit copies of such records to be made by him or her or his or her physician or authorized attorney. A request for examination of the records shall be in writing and shall be delivered to the administrator of such hospital." (Ill. Rev. Stat. 1983, ch. 110, par. 8—2001.)

The trial court allowed petitioner's attorney to examine and copy the hospital records pertaining to the actual birth of the child and thereafter denied access to hospital records on the mother from the

time of her hospital admission and up to the point of birth of Jesse. We believe the court erred when it severed petitioner's record into prebirth and birth information.

The labor and delivery room record pertaining to Jesse and his mother contains substantial relevant and material birth information which does not lend itself to severance. It shows the infant's fetal heart tones, dilation and position in the birth canal from the time labor begins until birth. It would also be reasonable to expect that this record would disclose medications administered to the mother which could or might affect the unborn child. Additionally, this record may contain handwritten remarks by the attending doctors and nurses regarding any aspect of delivery. To give preference to the mother's privacy interest over the child's right to have access to birth information would serve no useful interest, public or private. Therefore, it is unnecessary, as urged by appellee, for the appellant to obtain the mother's authorization or join her as a respondent. The trial judge erred in denying the appellant access to his complete birth record under the above cited statute. As the trial judge noted, there is indeed a mutual interest between the child and mother. It is reasonable to conclude that this interest is created at the moment of conception. However, it is sufficient in this case for us to conclude that, insofar as the parties to this litigation are concerned, this interest was unquestionably present at the time the mother was admitted to the hospital for delivery of Jesse.

Accordingly, the judgment of the circuit court of Rock Island County is reversed. We further order delivery of the requested records.

Reversed.

STOUDER and WOMBACHER, JJ., concur.